**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RAMEL WALTERS,**

    **Plaintiff,**

vs.                               Case No. 4:23-cv-00498-MW-MAF

**SGT. R. PERRY, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Ramel Walters, a prisoner proceeding *pro se* and *in forma pauperis*, submitted a civil rights complaint, pursuant to 42 U.S.C. § 1983. ECF No. 1. As required, the Court screened the complaint pursuant to 28 U.S.C. § 1915A. The Court may review a complaint and dismiss it, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A. For the reasons stated, dismissal is proper because Plaintiff failed to truthfully disclose his federal litigation history.

I. **Standard of Review**

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Case No. 4:23-cv-00498-MW-MAF

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). A district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Thus, a case in which a plaintiff has maliciously abused the judicial process, warrants dismissal.[1]

## II.   Plaintiff's Complaint, ECF No. 1.

Plaintiff submitted his complaint on the wrong form. ECF No. 1. Plaintiff used the 2016 civil rights complaint form for use by a prisoner plaintiff rather than the 2022 version. Id. Plaintiff sued Sgt. Perry and Lt. Oles, in their individual- and official capacities. Id., p. 2. Defendants are prison officials at Wakulla-Annex Correctional Institution (C.I.). Id.

---

[1] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

Case No. 4:23-cv-00498-MW-MAF

According to Plaintiff, on October 24, 2022, Sgt. Perry placed Plaintiff in administrative confinement pursuant to Lt. Oles' orders. Id., p. 12. Plaintiff remained in confinement until November 4, 2022, when they transferred him to Martin C.I. Id. When Plaintiff asked Sgt. Tians, the transport officer, about his personal property, Tians told him it would be forwarded later. Id. Thirty days later, Plaintiff's property was still not returned. Id. Plaintiff initiated the grievance process at Martin C.I. Id. Plaintiff asked various prison officials about his property and learned that Wakulla C.I. property staff never replied to Martin C.I.'s inquiry. Id.

Plaintiff claims that the confiscation of his property deprived him of his right to due process of law. The loss of Plaintiff's personal property is a direct result of Defendants' failure to follow procedures in securing the property. Id., pp. 12-13. Plaintiff also charges Defendants with intentional misconduct and gross negligence. Id., pp. 14-18. Plaintiff seeks $2,407 in actual damages, and $25,000 in punitive damages. Id., p. 16.

Plaintiff did not fully disclose his federal litigation history in his complaint, which was signed under the penalty of perjury. Id., pp. 8-11.

### III. Plaintiff's Affirmative Misrepresentation.

Plaintiff's *pro se* status does not excuse him from conforming to the rules governing these proceedings. If the Court cannot rely on the

statements or responses made by the parties, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

On the proper complaint form, "Section VIII, Prior Litigation" provides the following warning:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***

The fact that Plaintiff did not use the proper form does not exempt him from proper disclosures nor does it shield him from dismissal for making affirmative misrepresentations. Plaintiff is no stranger to the federal- or state courts. Pursuant to Fed. R. Evid 201, the Court takes judicial notice of Plaintiff's litigation history.

Plaintiff's complaint contains Section "VIII Previous Lawsuits," which explains the "three strikes rule" and asks, "To the best of your knowledge, have you had a case dismissed based on this "three strikes rule?" ECF No. 1, p. 8. Plaintiff responded, "No." Id. Not so. Just a few months ago, the district court for the Southern District of Florida dismissed S.D. Fla. No. 2:23-cv-14255-CMA, Walters v. Sheldon, et al., for failure to state a claim.

Page 6 of 8

Question C in Section VIII asks, "Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment." ECF No. 1, p. 9. Plaintiff answered, "No." Id., p. 10. Again, Plaintiff did not list S.D. Fla. No. 2:23-cv-14255-CMA in which he alleged violations of the Eighth- and Fourteenth Amendments because food workers did not accommodate his vegan diet. S.D. Fla. No. 2:23-cv-14255-CMA, Walters v. Sheldon, et al., D.E. 4. Plaintiff also filed a habeas petition in the Southern District of Florida in 2006, which was dismissed as time barred. The Court will not list all of Plaintiff's litigation history because it is his obligation to do so.

Plaintiff knew that accurate disclosure of his litigation history is required; and dismissal of the instant action might result from any untruthful answers to this section of the complaint form. Even if using the improper form did not sufficiently alert Plaintiff, this Court struck Plaintiff's amended complaint. ECF No. 8. Specifically, the Court informed Plaintiff that his amended complaint was not on the proper form and contained "no information about his prior litigation" and explained:

> Plaintiff knows that prisoners are required to truthfully disclose their litigation history, under the penalty of perjury . . . the proper form contains Section VIII, which requires the disclosure of a prisoner's litigation history and provides the following warning . . . Plaintiff did not transfer this warning or the litigation section to his

> amended complaint . . . Thus, the amended complaint is due to be stricken . . .

Id., p. 3. If Plaintiff suffered no penalty for his untruthful responses to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this Court should not allow Plaintiff's misrepresentations to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is dismissal without prejudice. See Rivera, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); Jackson, 491 F. App'x at 132-33 (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose one prior case, and disclosed another prior case but not that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

## IV.  Conclusion and Recommendation

It is respectfully **RECOMMENDED** that this case be **DISMISSED**

**WITHOUT PREJUDICE** as malicious because Plaintiff affirmatively misrepresented his federal litigation history under the penalty of perjury. It is also recommended that the case be **CLOSED** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and counts as a strike.

**IN CHAMBERS** at Tallahassee, Florida, on December 21, 2023.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).