IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RAMEL WALTERS,

   *Plaintiff*,

v.                                              Case No.: 4:23cv498-MW/MAF

SGT. R. PERRY, *et al.*,

   *Defendants*.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 9, and has also reviewed *de novo* Plaintiff's objections, ECF No. 10.

The Magistrate Judge recommends that Plaintiff's case be dismissed without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) because (1) he lied about not having any PLRA strikes; (2) he failed to disclose a recent case challenging the conditions of his confinement; and (3) he failed to disclose a federal habeas case. ECF No. 9 at 5–6.

"A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious'

under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, No. 5:15CV305/MMP/EMT, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting cases), *report and recommendation adopted,* 2016 WL 75074 (N.D. Fla. Jan. 6, 2016).

Here, the record makes plain that Plaintiff affirmatively misrepresented his litigation history. Plaintiff failed to disclose his recent case from the Southern District of Florida, which both counted as a strike under 28 U.S.C. § 1915(g) and challenged the conditions of his confinement. *See Walters v. Sheldon*, Case No. 23-14255-CIV-ALTONAGA (S.D. Fla.). This case should have been disclosed in response to both sections VIII and VIII.C of Plaintiff's form complaint, which he signed and certified as true. Plaintiff filed this case in 2023 and its was resolved less than three months before he filed his operative complaint here. Put another way, it strains credulity to think that Plaintiff forgot about a case that he filed only shortly before filing his present case. On this record, this Court finds that Plaintiff affirmatively misrepresented his litigation history in response to two sections of his form complaint, which merits dismissal without prejudice as a sanction.

Plaintiff raises several objections, but they do not help his case. Plaintiff claims that he did not answer the questions accurately because the form complaint's questions were "vague and unclear," that he is not an expert in the Federal Rules of Civil Procedure, and that he was not sufficiently warned of the consequences of not

answering the form complaint's questions truthfully. *See* ECF No. 10 at 1–2. These objections fail. The form complaint's questions are neither vague nor unclear. Plaintiff may not be an expert in the Federal Rules of Civil Procedure, but he is still required to comply with them. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."). And Plaintiff must always tell the truth in court filings—not just when he is apprised of the consequences, as Rule 11(b) makes clear. In fact, the form complaint expressly warns Plaintiff about this rule, and he signed the complaint acknowledging that he is subject to it. *See* ECF No. 1 at 11. Accordingly,

**IT IS ORDERED**:

1. The report and recommendation, ECF No. 9, is **accepted and adopted**, over Plaintiff's objections, as this Court's opinion.

2. The Clerk shall enter judgment stating, "Plaintiff's complaint, ECF No. 1, is **DISMISSED without prejudice** as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff affirmatively misrepresented his federal litigation history under the penalty of perjury."

3. The Clerk shall note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and counts as a strike.

4.  The Clerk shall close the file.

**SO ORDERED on January 18, 2024.**

                              **s/Mark E. Walker**
                              **Chief United States District Judge**